UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS BAGGETT ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| VITAL RECOVERY SERVICES, INC. ) | JURY TRIAL DEMANDED |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Thomas Baggett, by and through his undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Thomas Baggett (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.  Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

### III. PARTIES

4. Plaintiff, Thomas Baggett is an adult natural person residing at 500 Essex Street, Apt. 43, Lynn, Minnesota 01902. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Vital Recovery Services, Inc., at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Minnesota with its principal place of business located at 3795 Data Drive Suite 200, Norcross, GA 30092-6534 and a registered office located at 2704 Commerce Street, Ste. B, Harrisburg, PA 17110.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around early March, 2010, Plaintiff began receiving calls from Defendant in regards to an alleged debt owed to HSBC.

8. Defendant's agent who would not give her name, stated that they were collecting approximately $3,000.

9. At that time, Plaintiff explained that he did not have the money to pay this

debt.

10. Defendant's agent responded that she would take that as a refusal to pay.

11. During another call, Defendant's agent called and demanded that the Plaintiff give her his bank account information.

12. Plaintiff refused and informed the agent that his only source of income was his Social Security check.

13. Defendant's agent said that was not a problem they would just garnish his Social Security checks to get the money that he owed them.

14. During that same call, Plaintiff told Defendant's agent that he had retained the services of the law firm Persels & Associates, LLC and that they should call their firm directly in regards to this matter.

15. Defendant said that they would not work with Persels and refused to take any of their contact information.

16. Defendant's agent went on to falsely tell the Plaintiff that they had contacted Persels at one time in reference to this debt and were told by Persels that the Plaintiff was not even a client.

17. Plaintiff requested that the Defendant send him validation of the above referenced debt.

18. Plaintiff was told that they had sent him five (5) other notices and that they were not about to send him anything else.

19. To date, Plaintiff has never received anything in writing from the Defendant.

20. Plaintiff continued to get call throughout the months of April and May, 2010.

21. During one such call, an agent of the Defendant told the Plaintiff that if she had her way that he would be in jail for not paying his debts.

22. Plaintiff was told that he will definitely be going to court in regards to this matter.

23. Plaintiff again insisted that they call his attorney at Persels & Associates.

24. Defendant's agent scolded the Plaintiff, demanding to know that if he could afford to hire an attorney, why was he unable to pay his debt.

25. Plaintiff again requested validation on this matter.

26. Plaintiff was told to man-up, because the Defendant wanted their money and they wanted it now.

27. On the latest call to the Plaintiff, Defendant informed the Plaintiff that he was not judgment proof and that they would continue to call him every day until they received their money.

28. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

29. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

30. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

31. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

32. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

33. The above paragraphs are hereby incorporated herein by reference.

34. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

35. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692c(a)(2): After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive
>
> § 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person
>
> § 1692d(5): Caused the phone to ring or engaged any person in telephone conversations repeatedly
>
> § 1692d(6): Placed telephone calls without disclosing his/her identity

§ 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(2): Character, amount, or legal status of the alleged debt

§ 1692e(4): Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment or attachment

§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§ 1692g: Failure to send the consumer 30-day validation notice within five (5) days of the initial communication

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against Defendant, Vital Recovery Services, Inc. and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

WARREN & VULLINGS, LLP

Date: **June 8, 2010**

BY: **/s/Brent F. Vullings**
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff